## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddy Muga Mgassa,<br><br>                    Petitioner,<br><br>v.<br><br>U.S. Immigration and Customs Enforcement, et al.,<br><br>                    Respondents. | No. CV 17-01339-PHX-GMS (JZB)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT COURT JUDGE:**

Petitioner Eddy Muga Mgassa has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)  Petitioner was previously detained by the Department of Immigration and Customs Enforcement ("ICE") pursuant to a removal order dated September 1, 2016.  Petitioner asserted that he had been detained for more than six months beyond the date of his final order of removal, in violation of the decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (*Id*.)   Petitioner sought release from detention under an order of supervision.  However, Petitioner has been released from custody and removed from the United States.  (Doc. 18-1 at 3.)  Therefore, the Petition is now moot.

**I.     Procedural history.**

   **A.     Petitioner's Arrest.**

On August 10, 2001, Petitioner, a citizen of Kenya, entered the United States as a Temporary Non-Immigrant Visitor and did not have authority to remain in the United States longer than six (6) months. (Doc. 16-1, Ex. B, at 6.) On August 10, 2010, agents from United States Immigration and Customs Enforcement ("ICE") encountered Petitioner at the Pima County Adult Detention Center ("PCADC") following his arrest for driving under the influence. (Doc. 16-1, Exs. C and V, at 9 and 89-91.)

On September 10, 2010, the PCADC turned Petitioner over to ICE agents who then transported him to the Eloy Detention Center ("EDC") in Eloy, Arizona to await removal proceedings. (Doc. 16-1, Ex. V, at 89-91.)

On November 2, 2010, Petitioner's wife filed a Form I-130, Immigration Petitioner for Relative, Fiancé, or Orphan with the United States Citizenship and Immigration Service ("USCIS"). (Doc. 16-1, Ex. E, at 19.) On March 17, 2011, USCIS approved the Form I-130. (Doc. 16-1, Ex. F, at 21-23.)

On November 29, 2011, the immigration judge in Eloy, Arizona, adjusted Petitioner's status to that of a permanent resident on a conditional basis and released Petitioner from EDC. (Doc. 16-1, Ex. G, at 25-26.)

On February 25, 2014, Petitioner and his wife filed Form I-751, Joint Petitioner Requesting Removal of Conditional Basis, and requested a fee waiver. (Doc. 16-1, Exs. H and V, at 28-32 and 8-91.) On January 28, 2015, USCIS terminated Petitioner's conditional residence status because his wife failed to appear for the I-751 interview. (Doc. 16-1, Ex. I, at 34-35.)

On February 1, 2016, USCIS issued Petitioner a Notice to Appear, charging him as removable under INA Section 237(a)(1)(D)(i). (Doc. 16-1, Ex. J, at 37-39.) On July 28, 2016, an immigration judge in Tucson, Arizona, ordered Petitioner removed in absentia. (Doc. 16-1, Ex. K, at 41.)

On August 3, 2016, ICE officers encountered Petitioner at the PCADC based upon an arrest for domestic violence. (Doc. 16-1, Ex. V, at 89-91.) On September 1, 2016,

PCADC released Petitioner into ICE custody. ICE then transferred Petitioner to the Florence Detention Center in Florence, Arizona, pending removal. (*Id.*)

On September 29, 2016, ICE served Petitioner with an Instruction Sheet to Detainee regarding his requirement to assist in removal. (Doc. 16-1, Ex. M, at 53-59.)

On October 3, 2016, Petitioner filed a Motion to Reopen with the immigration judge in Tucson, Arizona. (Doc. 16-1, Ex. N, at 61-65.) On October 28, 2016, the immigration judge denied Petitioner's Motion to Reopen. (Doc. 16-1, Ex. O, at 67-69.)

On November 29, 2016, ICE conducted a Post Order Custody Review ("POCR"). (16-1, Ex. V, at 91.)  On December 8, 2016, ICE served Petitioner with a Decision to Continue Detention. (Doc. 16-1, Ex. P, at 71-73.)

On March 3, 2017, ICE sent a 180-day Checklist to Enforcement and Removal Operations – Post Order Custody Review Unit ("ERO-POCRU"). (Doc. 16-1, Ex. Q, at 75-76.) On March 16, 2017, ICE served Petitioner with a Decision to Continue Detention. (*Id.*)

On March 30, 2017, ICE sent a 180-day Checklist ERO-POCRU. (Doc. 16-1, Ex. V, at 91.) On June 16, 2017, ICE served Petitioner with a Decision to Continue Detention. (Doc. 16-1, Ex. R, at 78-79.)

On August 28, 2017, ICE sent a 180-day Checklist ERO-POCRU. (Doc. 16-1, Ex. V, at 91.) On September 5, 2017, ICE served Petitioner with a Decision to Continue Detention. (Doc. 16-1, Ex. S, at 81-82.)

On November 27, 2017, ICE sent a 180-day Checklist ERO-POCRU. (Doc. 16-1, Ex. V, at 91.) On December 12, 2017, ICE served Petitioner with a Decision to Continue Detention. (Doc. 16-1, Ex. T, at 84-85.) On December 13, 2017, ICE received a travel document for Petitioner from the Embassy of Kenya. (Doc. 16-1, Ex. U, at 87.)

**B.    Removal Order.**

On September 1, 2016, Petitioner was ordered removed from the United States to Kenya by an Immigration Judge in Tucson, Arizona. (Doc. 16-1, Ex. K, at 41.) Thus, the clock regarding Petitioner's removal began on September 1, 2016. (*Id.*) On November 29,

2016, ICE conducted a Post-Order Custody Review and continued Petitioner's detention. (Doc. 16-1, Ex. V, at 91.) Between December 8, 2016 and December 12, 2017, Petitioner was served four additional Decisions to continue detention, each because ICE was working with the Consulate of Kenya for the issuance of a travel document. (*Id*.) On December 13, 2017, ICE received Petitioner's travel document from the Consulate of Kenya. (*Id.*)

### C.    Habeas Petition.

On May 3, 2017, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. 1.) On August 31, 2017, Petitioner filed an Amended Petition. (Doc. 8.) On September 5, 2017 Petitioner filed a Second Amended Petition. (Doc. 9.) Petitioner states that after several continuations of detention, he is "challenging [his] detention through Habeas Corpus in the United States District Court for the District of Arizona." (Doc. 1 at 10.) Petitioner requested the Court "[g]rant release on supervised probation and [sought] relief on removal of conditions on a permanent conditional resident status." (Doc. 1 at 12.)

### D.    Petitioner's Removal.

On March 5, 2018, Respondents filed a Notice, which submitted competent evidence showing that, on February 27, 2018, ICE officials caused Petitioner to be removed from the United States, via commercial airliner, pursuant to his final order of removal. (Doc. 18-1 at 2-3.)

## II.    The Petition is Moot.

The Court may grant a writ of habeas corpus to a detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). 8 U.S.C. § 1231 governs the detention of aliens whose order of removal is administratively final. "The case or controversy requirement of Article III admonishes federal courts to avoid premature adjudication and to abstain from entangling themselves in abstract disagreements." *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1208 (10th Cir. 1999) (internal quotation marks and citations omitted).   The Court must dismiss a case as moot if, at any point, it becomes certain either that "'the allegedly wrongful behavior

could not reasonably be expected to recur,'" *Friends of the Earth Inc. v. Laidlaw Environmental Assoc. (TOC), Inc.*, 528 U.S. 167 (2000) (citation omitted), or that there is no effective relief remaining for the court to provide. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). The case or controversy requirement warrants a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief sought. *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997). The Court does not have subject matter jurisdiction to consider a habeas claim that is moot. *See*, *e.g.*, *McCullough v. Graber*, 726 F.3d 1057, 1060 (9th Cir. 2013).

Here, Petitioner sought release from detention, but he is no longer detained. Petitioner's case is rendered moot because there is no case or controversy. *See Spencer v. Kemna*, 523 U.S. 1 (1998) ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."); *Abdala v. INS*, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (discussing and collecting cases wherein a petitioner's release from detention or parole or their removal rendered a habeas petition moot); *Mensah-Yawson v. Lowe*, No. 3:16-cv-200, 2016 WL 3704878, *1 (M.D. Pa. July 12, 2016) ("[T]he habeas petition challenges petitioner's continued detention pending removal. Because petitioner has since been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. Accordingly, the instant habeas corpus petition will be dismissed as moot.").

### III.    CONCLUSION

Petitioner seeks release from confinement. Because Petitioner is no longer in custody and has been removed from the United States, his Petition is moot.

Accordingly,

**IT IS RECOMMENDED** that the Second Amended Petition for Writ of Habeas

Corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.[1]

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 27th day of March, 2018.

_____
Honorable John Z. Boyle
United States Magistrate Judge

---

[1] The Petition should be dismissed with prejudice. *See Abdala,* 488 F.3d at 1065 ("Abdala's attempt to amend his habeas petition after his deportation could not revive his petition. He sought to file an amended petition ... after he was released from custody and deported to Somalia. As Abdala was no longer 'in custody' within the meaning of [the habeas statute] when he attempted to amend his petition, his petition was moot and there was nothing to amend."); *Noyola v. DHS*, No. SA CV 15-00544-JCG, 2015 WL 3644006 (C.D. Cal. June 8, 2015) ("Petitioner's removal renders the instant Amended Petition moot. … Hence, the Amended Petition does not present a live controversy and must be dismissed with prejudice ....") (emphasis added).